Louis L. Friedman, J.
In connection with a pending application to settle the assignee’s account and for various allowances, the assignee moves to reduce a certain claimed priority tax lien, filed in this proceeding by the Bureau of Internal Revenue. The lien claimed is in the sum of $2,097.71, and it is sought to reduce said lien to the sum of $698.66, a reduction in the sum of $1,399.05.
Originally, the Internal Revenue Bureau, hereinafter referred to as “ Bureau,” had filed two claims in the respective amounts of $2,942.70 and $2,097.71. Thereafter, the assignee made an application to the Bureau for a carry-hack refund against the years 1953 and 1954, as a result of losses sustained hy the assignor in the year 1955. The forms required for the processing of such refund application were prepared' by the attorneys for the assignee, and, as required by the Bureau, were signed hy both the assignor and his wife. Said applications, so *406 signed by both the assignor and his wife, were thereafter filed with the Burean with a request that all refund moneys due be paid to the assignee herein, at the office of its attorneys.
In due course, the attorneys for the assignee were notified by the Bureau of the approval of the refund application, and were further advised that a portion of the claimed refund would be applied against and in abatement of one of the two claimed liens hereinbefore referred to, and that the Bureau was thereupon withdrawing the claim filed in the sum of $2,942.70, since it was satisfied by using part of the refund moneys. The balance of the refund due, which was in the sum of $1,399.05, instead of being sent to the assignee, as requested in the application and covering letter, was erroneously sent directly to the assignor and his wife. Upon receiving said refund check, the assignor indorsed the same, permitted his wife, who was one of the payees on that check, to retain it, and subsequent examination, pursuant to court order, reveals that she used the funds to pay some of her own personal obligations. Needless to say, neither the assignor nor his wife now have the financial ability, according to the examination taken of them, to repay the sum which they erroneously received.
The papers before the court also revealed that all income tax returns, which were the basis for the application for the refund, were made on the strength of the earnings of the assignor’s business, and that no part of the income reported was derived from earnings of the wife. She joined in the said income tax return under the provisions of the law which permit the filing of a joint return by husband and wife and, as a taxpayer, under such circumstances she would, of course, be entitled to use any refund moneys which were sent to her. However, she is not a party to the present proceeding before the court and the court has no jurisdiction over her at this time. For that reason, the request made by the United States Attorney that this court direct that she repay the funds must be denied, because the court has no jurisdiction over her in this proceeding. Since the proof shows that the assignor himself never used any part of these funds, no direction against him may be made for the return of these moneys.
The question now to be determined is whether the present motion by the assignee to reduce the Bureau’s claim should be granted. There is no doubt that, if the Bureau had properly reduced the amount of its claim instead of sending the check as it did, the assignee’s estate herein would be greater to the extent of $1,399.05, since the tax claim is entitled to a priority. The error which took place, and which is causing this possible *407 loss to the estate, was an error on the part of this very claimant, and, under such circumstances, the court feels that equity requires that the motion of the assignee must be granted so that the rights of the creditors may be protected.
The motion is therefore granted as prayed for. This determination is made without prejudice to any other remedy which the Bureau may pursue to recoup the amount of the erroneous refund.
Settle order on notice. In addition, the assignee may submit order settling the assignee’s account.